IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERESA A. BAKER,** *et al.*, | : No. 1:07-CV-0438 |
| Plaintiffs | : |
| | : JUDGE SYLVIA H. RAMBO |
| v. | : |
| | : |
| **JUNIATA COUNTY CHILD CARE & DEVELOPMENT SERVICES, INC., TUSCARORA INTERMEDIATE UNIT 11, and COMMUNITY DEVELOPMENT INSTITUTE HEAD START, INC.,** | : |
| Defendants | : |

## MEMORANDUM AND ORDER

Before the court is a motion for relief from judgment filed by Plaintiffs pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion will be denied.

**I.     Background**

**A.     Facts**

The United States Department of Health and Human Services Administration for Children and Families Office of Head Start oversees Head Start, "a national program . . . that provides grants to local and public and private non-profit and for profit agencies to provide comprehensive child development services to economically disadvantaged children and families . . . ." JCCCDS, a Head Start grant recipient, provided childhood development services in central Pennsylvania. (Doc. 5 ¶ 37.) Plaintiffs were employees of JCCCDS during the time period of January 1, 2005 through January 28, 2005. (*Id.* ¶¶ 40, 45.) During that time, Plaintiffs, as employees, performed a variety of services for which they never received wages or benefits. (Doc. 66.)

CDI Head Start is a private non-profit corporation, which obtains interim grants from the Office of Head Start and manages Head Start grant recipient programs when the local Head Start grantee cannot operate the program.  (Doc. 58 ¶¶ 1–2.)  CDI Head Start and JCCCDS do not share management and are distinct legal entities with no legal affiliation.  (*Id.* ¶ 10.)  Beginning in January 2005, JCCCDS could no longer manage and operate its program.  (*Id.* ¶ 3.)  CDI began operating the failed program, and Plaintiffs became employees of CDI Head start on January 28, 2008.  (*Id.* ¶ 5.)  CDI Head Start began paying wages to Plaintiffs on January 28, 2008, and Plaintiffs admit that CDI Head Start had not failed to pay wages to Plaintiffs.  (*Id.* ¶ 6.)  Plaintiffs did not perform work for CDI Head Start prior to January 28, 2008.  (*Id.* ¶ 11.)  CDI Head Start did not agree to compensate Plaintiffs for wages that JCCCDS failed to pay Plaintiffs.  (*Id.* ¶ 7.)  CDI Head Start gave Plaintiffs a new handbook and new job description at the commencement of work.  (*Id.* ¶¶ 8–9.)  Plaintiffs performed work for CDI Head Start until TIU 11 assumed control of a new grant from the Department of Health and Human Services to provide the region with a Head Start program.  (Doc. 66 ¶ 4.)  TIU 11 was created by an act of the Pennsylvania legislature to implement programs and services mandated by the Pennsylvania Department of Education.  (Doc. 64 ¶ 20.)  TIU 11 did not take over or otherwise acquire JCCCDS's liabilities or debts, and has no affiliation with JCCCDS.  (*Id.*)

### B. Procedural History

Plaintiffs' second amended complaint was filed on May 5, 2007.  (Doc. 5.) Plaintiffs allege that all Defendants "jointly and severally" violated the Fair Labor Standards Act, 29 U.S.C. § 216, *et seq.* ("FLSA"), the Employment Retirement Income Security Act, 29 U.S.C. 1001, *et seq.* ("ERISA"), and Pennsylvania Wage Claim Payment and Collection Law, 43 Pa. Con. Stat. Ann.

§ 260.1, *et seq.* Plaintiffs further allege breach of contract, breach of fiduciary duty, and assert claims for unjust enrichment or *quantum meruit*.

### 1. Motion for Summary Judgment by CDI Head Start

CDI Head Start filed an answer on November 21, 2007 with four exhibits attached. (Doc. 33.) On January 31, 2008, CDI Head Start moved for judgment on the pleadings and filed a supporting brief. (Doc. 42.) Plaintiffs' brief in opposition was filed on March 6, 2008. (Doc. 48.) After CDI Head Start filed its reply brief on March 18, 2008 (Doc. 51), this court issued an order converting the motion for judgment on the pleadings into a motion for summary judgment. (Doc. 54.) Plaintiffs and CDI Head Start were ordered to submit to the court all materials that would support or oppose a motion for summary judgment or, in the alternative, to show cause why the motion should not be converted. (*Id.*) Any filing responsive to the court order was to be filed no later than April 29, 2008. (*Id.*)

On April 29, 2008, CDI Head Start filed a brief in support of the converted motion for summary judgment, a statement of undisputed material facts, and exhibits in support of the motion. (Docs. 56–58.) CDI Head Start also moved for, and was granted, a motion for judgment on the record as it existed on April 29, 2008. (Doc. 60.) Said motion was granted on May 2, 2008. After multiple requests for an extension of time to file their responsive brief, Plaintiffs filed their brief in opposition to the converted motion for summary judgment and a response to the statement of undisputed material facts on July 30, 2008. (Doc. 82.) Plaintiffs also filed exhibits which they characterized as evidence in support of their opposition to the converted motion for summary judgment. (Docs. 82-2 – 82-5.) These exhibits, and any arguments based thereon, were not considered because they were not timely filed. (*See* Doc. 60.) CDI Head Start filed its reply brief on August 6, 2008. (Doc. 96.)

### 2. Motion for Summary Judgment by TIU 11

Defendant TIU 11 filed a motion for summary judgment on June 11, 2008. (Doc. 64.) It was accompanied by a supporting brief, a statement of undisputed material facts, and supporting exhibits. (Docs. 65–67.) On July 30, 2008, after numerous requests for extensions of time, Plaintiffs filed a responsive brief, a response to TIU 11's statement of material facts not in dispute, and supporting exhibits. (Docs. 86 – 87.) TIU 11 did not to file a reply brief.

### 3. Memorandum and Order of Court

By memorandum and order dated October 28, 2008, summary judgment was granted to TIU 11 and CDI Head Start. (Doc. 103.) On October 31, 2008, Plaintiffs filed a motion for reconsideration. Because that motion was not accompanied by a brief, it was dismissed. On December 17, 2008, Plaintiffs filed a motion and brief for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). That motion contained the same language as the motion for reconsideration filed on October 31, 2008.

**II.     Discussion**

In the instant motion, Plaintiffs allege that the order of May 2, 2008, which limited the record as it existed on April 29, 2008, did not apply to TIU 11 and, therefore, Plaintiffs in their response to the summary judgment motion should have been able to rely upon the Department of Health and Human Services ("HHS") audit reports which Plaintiffs received in late April. They further allege that the audit reports would establish the relationship between HHS, the Defendants and Plaintiffs.

In the October 28, 2008 memorandum and order (doc. 103), this court found that there was no breach of contract, breach of fiduciary duty, no unjust

enrichment or *quantum meruit* claims.  This court also held that there was no successor liability that could be attached to CDI Head Start and TIU 11.

For relief to be granted on the grounds of newly discovered evidence, the evidence must be such as would probably change the outcome of the case. *Giordano v. McCartney*, 385 F.2d 154 (3d Cir. 1967).  No such showing has been made by Plaintiffs – only a conclusory statement.

Plaintiffs further allege that the documentation received from HHS was exhaustive – containing fifteen hundred to two thousand pages.  From late April until late July, Plaintiffs never sought relief from the limiting order of May 2, 2008 as it may have applied to TIU 11 based on need for time to peruse these documents.  Nor in any of the motions for extensions of time to file a response to Defendants' summary judgment motions was this issue raised.

A party seeking relief under Rule 60(b) must have a justifiable excuse for failing to oppose a motion for summary judgment if it had sufficient opportunity to submit evidence prior to a ruling on such a motion.  *Alpern v. Utile Corp Limited*, 84 F. 3d 1535 (8th Cir. 1996).  It is questionable that the HHS audit reports would even be classified as "newly discovered evidence" as this evidence was available for over three months before Plaintiffs' responsive brief was due.

A party who has failed to evaluate evidence properly and fails to present it may not be granted a new trial on the basis of newly discovered evidence under rule 60(b).  *Champion Spark Plug Co. v. Gyromat Corp.*, 88 F.R.D. 516 (D.C. Conn. 1980), *aff'd* 636 F.2d 907 (2d Cir. 1981).

## III.        Conclusion and Order

Based on the foregoing, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for relief from judgment is **DENIED**.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: March 18, 2009.