IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERESA A. BAKER**, *et al.*, | : No. 1:07-CV-0438 |
| Plaintiffs | : |
| | : JUDGE SYLVIA H. RAMBO |
| v. | : |
| | : |
| **JUNIATA COUNTY CHILD CARE & DEVELOPMENT SERVICES, INC., TUSCARORA INTERMEDIATE UNIT 11, and COMMUNITY DEVELOPMENT INSTITUTE HEAD START, INC.**, | : |
| Defendants | : |

## MEMORANDUM AND ORDER

**I.    Introduction**

Before the court is Plaintiffs' motion for summary judgment and supporting brief against Juniata County Child Care and Development Services, Inc. ("JCCCDS"). In addition, Plaintiff has filed a statement of material facts and supporting audit documents from the Department of Health and Human Services. JCCCDS has not filed any responsive documents. The background of this case is well known to the parties and this court and has been written in detail in prior memoranda. Therefore, the background will not be repeated herein.

**II.    Standard of Review for Motions for Summary Judgment**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id*. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. " 'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.' " *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**III.     Discussion**

Since no opposition to the motion for summary judgment has been filed, it will be deemed unopposed. The lack of opposition, however, does not relieve this court from conducting a merits analysis of the motion. Rule 56(e) requires, "if the adverse party does not so respond, summary judgment, *if*

*appropriate*, shall be entered against the adverse party (emphasis added." Thus, the moving party must show itself to be entitled to judgment as a matter of law. In determining what is *appropriate*, "the moving party has the burden of proof on the relevant issues, which means that the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law." *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). This court, however, cannot proceed with such an analysis. Instead, an examination and discussion of the supporting brief submitted to this court is appropriate.

Middle District Local Rule 7.8 requires that the brief of a moving party contain a procedural history of the case, a statement of facts, a statement of questions involved and argument. No brief may incorporate by reference all or any portion of any other brief. The brief and motion do not comply with this rule.

The brief fails to: (1) set forth in separate sections arguments concerning each claim; (2) cite to what provision of the Fair labor Standards Act is implicated; (3) cite to what provision of ERISA is involved; (4) cite to what provision of the Pennsylvania Wage Claim Payment and Collection Law Act is involved; (5) discuss the breach of warranty claim, or (6) discuss the *quantum meriut* claim. There is absolutely no argument with specific citation to the facts that support each argument.

The brief contains conclusory statements without specific references as to facts. The conclusion of the brief contains the following statement: "Summary judgment is appropriate as to JCCCDS on all counts (*see* Plaintiffs' Statement of Material Facts, as well as Exhibits 1 through 3 submitted as part of Plaintiffs' Brief in Opposition to Defendants' CDI Head Start and TIU 11's Motion for Summary Judgment and in Support of Plaintiffs' Support of Summary Judgment)." It is not

3

this court's responsibility to search supporting documents to find support for conclusory allegations. The brief in support of Plaintiffs' motion for summary judgment against JCCCDS is unacceptable.

**IV.** **Order**

**IT IS THEREFORE ORDERED THAT**:

1) Plaintiffs' motion for summary judgment is denied without prejudice to file an amended motion and brief no later than April 8, 2009, in accordance with Federal Rule of Civil Procedure 56(e) and Middle District Local Rule 7.8.

2) If Plaintiffs file an amended motion and brief, they shall cite to appropriate provisions of acts violated and cite specifically to unopposed evidence that supports Plaintiffs' arguments.

s/Sylvia H. Rambo<br>United States District Judge

Dated: March 19, 2009.