IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERESA A. BAKER,** *et al.*, | CIVIL ACTION |
| **Plaintiffs** | |
| v. | 1:07-CV-0438 |
| **JUNIATA COUNTY CHILD CARE & DEVELOPMENT SERVICES, INC., JUNIATA COUNTY HEAD START,** *et al.*, | JUDGE SYLVIA H. RAMBO |
| **Defendants** | |

## MEMORANDUM and ORDER

The court held a conference call with counsel on November 10, 2009. During that call, counsel for Defendant Juniata County Child Care & Development Services, Inc., Juniata County Head Start ("JCCCDS") consented to the entry of judgment against Defendant JCCCDS concerning liability for the claims raised in Plaintiffs' Second Amended Complaint. (Doc. 5.) Defendant JCCCDS' Answer to Plaintiffs' Second Amended Complaint also contains admissions as to liability for the claims raised by Plaintiffs. (*See* Doc. 21 ¶¶ 46-50, 57a, 63-64, 72, 75, 79, 83, 85, 89.)

By no later than November 30, 2009, counsel for the parties were to have submitted a stipulation that judgment could be entered on the issue of liability in favor of Plaintiffs and against Defendant JCCCDS. (*See* Doc. 129.) Furthermore, the parties were to have conferred to determine whether they could agree on the amount of damages, and that if they could not agree, counsel for Plaintiffs was to have sought permission from Plaintiffs to have damages assessed through a bench trial, or in the alternative, he was to submit documents that comport with admissible evidence.

On December 3, 2009, the court received a circumlocutious letter from Plaintiffs' counsel along with a consent judgment that was overly long and confusing. Moreover, rather than submit documentation that is admissible into evidence, Plaintiffs' counsel continues to rely on unsworn letters from his clients in an effort to prove damages. Plaintiffs' counsel's letter also requests that the court enter judgment against Defendant on behalf of former employees who are not plaintiffs in this case. The court will not entertain this latter request.

Rather than belabor this case any longer through further submissions by the parties, the court believes that there is a sufficient evidentiary basis for a judgment of liability to be entered for Plaintiffs against Defendant JCCCDS. The issue of damages remains outstanding. Accordingly, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiffs' amended motion for summary judgment, (Doc. 127), is **GRANTED IN PART AND DENIED IN PART**, as follows:

(a) Plaintiffs' motion is **granted** as to the issue of liability against Defendant JCCCDS;

(b) Plaintiffs' motion is **denied** as to the amount of damages. There remains a genuine issue of material fact concerning the amount of damages to which Plaintiffs are entitled.

(2) Plaintiffs' counsel shall notify the court by no later than Monday December 28, 2009 whether the court can resolve the issue of damages by a bench trial. If the court hears nothing from Plaintiffs' counsel by that date, the court will set a time and date for jury selection.

+                                               s/Sylvia H. Rambo
                                                    United States District Judge

Dated: December 7, 2009.